[Civ. No. 1577. Fourth Appellate District.—February 7, 1936.]

F. WINANS, Appellant, v. ALPHA BETA FOOD MARKETS, INC. (a Corporation), Respondent.

Irvin C. Louis and H. B. Pool for Appellant.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondent.

BARNARD, P. J.—This is an action for damages for conversion of certain capital stock in a corporation based upon the theory that the defendant converted certain shares of its own capital stock by refusing to complete a transfer of these shares as requested by the plaintiff, who presented the certificates signed by the record owner thereof and demanded that they be transferred and new certificates issued in his name.

The complaint alleges that the plaintiff was the owner of 623 shares of stock in the defendant corporation; that he presented the certificates representing these shares to certain officers of the corporation and demanded that the same be transferred on the books and new certificates issued in his name; that the certificates had been endorsed to him by the record owner; that the defendant refused to transfer said shares; and that, as a result of such refusal, he has been damaged in the sum of $34,265.

A motion for a nonsuit was granted and judgment entered, and the plaintiff has appealed.

This appeal is entirely without merit and any extended discussion of the points raised would serve no useful purpose. It appears from the appellant's own evidence that he was never the owner of the stock in question, that he had obtained possession of the certificates for the purpose of acting as the owner's agent and using them in a certain manner in attempting to secure the completion and closing of a pending escrow, and that the action of a third party, in withdrawing his papers from escrow, had made the completion of the deal impossible. Even if the respondent had transferred the

stock the appellant would not have been entitled thereto and he makes no attempt to point out any possible way or manner in which he has been damaged or injured.

It further appears that the appellant did not demand a transfer of these certificates from the proper officer of the respondent, as required by section 327 of the Civil Code, and that the officer from whom he did demand a transfer required from him reasonable proof of his right to such transfer, as authorized by section 328 of that code, which proof was not furnished.

Finally, it appears from the appellant's own testimony that after this transfer was refused he returned the certificates in question to their rightful owner as a part of a full and complete settlement between them.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.